[899 NYS2d 633]

In the Matter of ALLAN E. BINDER (Admitted as ALLAN ELI BINDER), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 4, 2010

### APPEARANCES OF COUNSEL

*Rita E. Adler,* Hauppauge (*Daniel M. Mitola* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the petitioner) moves to strike the respondent's

name from the roll of attorneys upon the ground that he has been automatically disbarred based upon his conviction for bribe receiving in the second degree, pursuant to Penal Law § 200.11, a class C felony, in the County Court, Suffolk County.

On January 29, 2009, the respondent entered a plea of guilty to the aforesaid crime before the Honorable James Hudson. During the plea allocution, the respondent admitted that he had been an elected legislator in Suffolk County from 1990 through 2005. Dating back to the spring of 1996, the respondent had engaged in conversations with a friend and later business associate, Neil Trabich, with respect to Trabich's interest in securing the right to manage the Northport Veterans Affairs Medical Center golf course. Trabich operated a number of local municipal golf courses and needed to be associated with a local nonprofit organization in order to be deemed eligible to effectively bid on this golf course. To that end, the respondent, acting as a Suffolk County legislator, agreed to introduce Trabich to one such organization, the Northport American Legion. The respondent admitted that he arranged introductory meetings for the two parties in his legislative office. In return for the introduction, the respondent requested from Trabich the sum of $18,000 in the event he succeeded in securing the right to manage the golf course. Trabich did succeed and paid the respondent the requested sum in three installments. The American Legion was unaware of the arrangement. The respondent failed to disclose the sum received from Trabich on his yearly disclosure statements filed with the Suffolk County Ethics Commission. During the month of October 2002, after a debate in the county legislature, the respondent voted in favor of a resolution affecting Trabich's business venture. The respondent failed to disclose his relationship with Trabich to the legislature before debating and later voting on that resolution.

The respondent was sentenced by County Court Judge Hudson on May 6, 2009 to five years' probation and a surcharge totaling the sum of $375. He failed to notify this Court of his conviction pursuant to Judiciary Law § 90 (4) (c).

The respondent was automatically disbarred upon his conviction of a New York State felony, effective January 29, 2009, the date of his plea of guilty. Having been convicted of a felony, the respondent ceased to be an attorney. Accordingly, the petitioner's motion to strike his name from the roll of attorneys to reflect his disbarment, effective January 29, 2009, is granted.

Rivera, J.P., Skelos, Fisher, Dillon and Lott, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Allan E. Binder, admitted as Allan Eli Binder, is disbarred, effective January 29, 2009, and his name is now stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Allan E. Binder, admitted as Allan Eli Binder, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Allan E. Binder, admitted as Allan Eli Binder, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and its is further,

Ordered that if the respondent, Allan E. Binder, admitted as Allan Eli Binder, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).